A. S. GAMBLE AND FIRTH *v.* W. M. DUNNEGAN ET AL.

**Husband and Wife—Removal of Disability.**

The legislature has power to make provision for the relief of married women from the disability of coverture.

APPEAL FROM UNION CIRCUIT COURT.

April 18, 1874.

OPINION BY JUDGE LINDSAY:

The evidence satisfactorily shows that Mrs. P. Waggoner accepted the benefits of the act of February 10, 1869, Sess. Acts 1869, Vol. 1, page 281, and that she was acting as a *feme sole* and a member of the firm of Wm. Dunnegan & Co. when the debt sued on was contracted. We see nothing in said act repugnant to the State Constitution; we may doubt the policy of such acts but can not doubt the power of the Legislature to relieve a married woman from the disabilities attending coverture under the general laws.

There was no reason for transferring the cause to equity; and the court in this action need not, and ought not to determine whether lot No. 28 in the town of Morganfield can be subjected to the payment of this debt.

The act of February 10, 1869, provides that Mrs. Waggoner may engage in trade and transact business in the same manner and to the same extent as if she were an unmarried woman, and that she may sue and be sued in her own name. Such being the case, appellants had the right to sue her at law; and if they make out their right to relief, they may have a judgment *in personam* against her; and such a judgment, when obtained, may be enforced by execution.

The evidence conduces very strongly to show their right to have judgment. The judgment dismissing the petition as to Mrs. Wag-

goner is reversed. Upon the return of the cause it should be trans-
ferred to the ordinary docket, and Mrs. Waggoner allowed to de-
fend, just as other persons, not laboring under disabilities, may
make defense to a suit at law. When appellant attempts to subject
lot No. 28 to the payment of such debt as he may establish, the
question of its liability can possibly be determined, but not until
then.

*Bush, Spalding & Chapeze, for appellants.*

*D. H. Hughes, for appellees.*